FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN -7  P 4: 26

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OLLIE VERN BROTHERS                    CIVIL ACTION

versus                                 NO. 00-1132

KHOSROW SADEGHIAN, ET AL.              SECTION "A"

ORDER AND REASONS

Before the Court is the motion of plaintiff, Ollie Vern Brothers, to remand this action to state court. The motion is opposed by the removing defendants, Khosrow Sadeghian, Al Daneshian and Hammond, LA, ADKS, Joint Venture. For the reasons set out infra, the motion to remand is **GRANTED**.

In his state-court complaint, Brothers alleges that he was a tenant in an apartment building and was injured when he fell through a hole in the floor. He alleges that his fall was caused by the defendants' negligence in failing to maintain the premises and/or failing to warn him of dangers on the premises.

Defendants removed the matter from state court, asserting diversity jurisdiction, which requires complete diversity of citizenship between the plaintiff and all defendants, and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Diversity of citizenship is undisputed. Plaintiff is a Louisiana citizen. All defendants are citizens of Texas.

DATE OF ENTRY
JUN - 8 2000

Plaintiff Brothers contends that the action should be remanded because the amount in controversy does not exceed $75,000. Because the complaint did not specify an amount of damages, the removing defendants must prove by a preponderance of the evidence that at the time of removal the amount in controversy exceeded the jurisdictional amount. *De Aguilar v. Boeing Company*, 11 F.3d, 55, 58 (CA5 1993) (*De Aguilar I*). Defendants may meet that burden by showing that it is apparent from the face of the complaint that the amount exceeds $75,000. *De Aguilar v. Boeing Company*, 47 F.32d 1404, 1412 (CA5 1995) (*De Aguilar II*).

In a Louisiana state court action, the plaintiff may not specify the amount of his damages, though he may allege generally that the amount is sufficient to entitle him to a jury trial or is insufficient for federal court jurisdiction. La.C.C.P. art. 893. A jury trial is available in Louisiana only if the amount in controversy exceeds $50,000. La.C.C.P. art. 1732(1). In his complaint, Brothers neither alleged that the damages entitled him to a jury trial, nor sought a jury trial.

In his original complaint, Brothers did not allege that the amount of damages was insufficient for federal jurisdiction. After the removal he filed an amended complaint to allege "that his damages are less than" $75,000. That amendment was filed apparently after the answer was served, and it was filed without leave of Court. Therefore, the amendment was procedurally improper pursuant to Fed.R.Civ.P. rule 15(a). Furthermore, a post-removal amendment to reduce the amount of damages will not

divest a court of jurisdiction which existed at the time of removal. *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 157 (CA5 1982). In the following analysis, the Court may not consider the amendment to the complaint.

Defendants contend that the elements of damages set out in Brothers' complaint make it apparent that the damages exceed $75,000. Defendants refer to the claims of damages for past, present and future physical and mental pain and suffering, medical expenses and lost wages and for loss of earning capacity. Defendants particularly assert that the claim for loss of earning capacity shows that "plaintiff is alleging a permanent residual physical disability." (There is no direct allegation of a permanent disability.)

Two cases from the Fifth Circuit Court of Appeals are instructive in examining the complaint and the damages reflected therein. *De Aguilar I, supra*, involved an airplane crash. The federal jurisdictional amount at the time was $50,000. In *De Aguilar I*, the court observed, "It is facially apparent that the claims in this case--claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses--did exceed $50,000 at the time of removal." 11 F.3d, at 57. The court contrasted those claims from the claims in *Associacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombia (ANPAC) v. Dow Quimica De Colombia S.A.*, 988 F.2d 559 (CA5 1993). In *Dow Quimica*, the appeals court found that allegations of "skin rashes" and "even a fairly sustained loss of

3

income to a small-scale fisherman" did not facially indicate that the amount in controversy exceeded $50,000. 989 F.2d, at 565. Pursuant to *De Aguilar I* and *Dow Quimica*, the Court must examine the actual claims of plaintiff Brothers which might produce damages, not the boilerplate listing of elements of damages in the complaint.

Brothers' claims are more similar to a simple slip and fall accident than to the wrongful death claims in *De Aguilar I*. In the instant case, the complaint alleges a fall in plaintiff's home which caused "significant bodily injuries to his person, including neck and back, along with his mental and emotional distress." Plaintiff does not allege surgery or extensive medical treatment or permanent injury, impairment or disability. It is not apparent from the face of the complaint that Brothers' claims "did exceed [$75,000] at the time of removal." *De Aguilar I*.

As an alternative to their argument that the face of the complaint supports federal jurisdiction, defendants suggest that the Court should not rule on this motion until discovery is complete, at least as to damages. Defendants' seeking discovery as to damages makes it apparent that defendants did not know at the time of removal what the amount of those damages might be. More importantly, this Court may not permit and control discovery without jurisdiction of this matter; and it appears that the Court has no such jurisdiction.

4

This Court is under a continuing obligation to examine the basis of its jurisdiction; and, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

In opposing remand, defendants depended entirely on plaintiff's state-court complaint to bear defendants' burden of showing that the amount in controversy exceeded $75,000 at the time of removal. The complaint does not support that conclusion.

Therefore, it appears that this Court has no subject matter jurisdiction of this action; and pursuant to §1447(c),

**IT IS ORDERED** that the above-captioned action be **REMANDED** to the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana.

New Orleans, Louisiana, this 7th day of June, 2000.

_____
UNITED STATES DISTRICT JUDGE